ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiff
SHANELL MCQUARTERS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANELL MCQUARTERS,<br><br>       Plaintiff,<br><br>       vs.<br><br>MICHAEL EUSEBIO dba DIGITAL DOG AUTO RECOVERY, HANKEY INVESTMENT COMPANY, LP dba WESTLAKE FINANCIAL, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No:  15-CV-04262<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff Shanell McQuarters hereby complains against defendants Michael Eusebio dba Digital Dog Auto Recovery ("Digital Dog"), Hankey Investment Company LP dba Westlake Financial ("Westlake") and Does 1-10, and alleges on information and belief as follows:

### OPERATIVE FACTS

1.      Plaintiff acquired an automobile on credit through an installment sales contract entered into with defendant Westlake, for personal, family, or household purposes. Plaintiff got into an accident in the vehicle, and the car was towed to a body shop or tow yard. Plaintiff was not behind on her payments to Westlake, nor was she in default on her contract.  Nevertheless, Westlake initiated a repossession, and either Westlake or its repossession forwarder (named herein as a Doe defendant) hired defendant Digital Dog to repossess plaintiff's vehicle.

2.      Digital Dog and the Doe defendants repossessed the vehicle from the body shop or tow yard. After the repossession, Digital Dog and the Doe defendants failed to mail plaintiff a notice of seizure of the vehicle, or an inventory of personal possessions, in violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10.

3.      Digital Dog seized plaintiff's personal possessions in the vehicle. Digital Dog and the Doe defendants refused to return these items to plaintiff unless she signed a written waiver of all her rights against Digital Dog relating to the repossession.  Plaintiff was forced to sign this written waiver in order to recover her property. Digital Dog and the Doe defendants unlawfully charged plaintiff $75 to get back her personal property.

4.      Although plaintiff was not in default on her contract, Westlake refused to return the vehicle to plaintiff free of charge.  Westlake issued plaintiff a "Notice of Intent To Sell Motor Vehicle" which demanded repossession fees of $1,283 to reinstate the contract.  Plaintiff could not afford that amount, and Westlake sold the vehicle and assessed a deficiency balance.

5.  Westlake's "Notice of Intent To Sell Motor Vehicle" contained several misrepresentations.  It stated that plaintiff was in default under her agreement due to "failure to make payments due under the contract."  In fact, plaintiff had not failed to payments at the time of repossession.  It stated that plaintiff was in default under her agreement due to "failure to keep the vehicle free from encumbrances and liens."  In fact, plaintiff had kept the vehicle free of encumbrances and liens.  It stated that plaintiff owed $1,283 for repossession expenses, when in fact these expenses were not owed and not reasonably incurred, due to Westlake's wrongful repossession.

6.  Westlake violated the the Rees-Levering Automobile Sales Finance Act in several ways. Westlake violated Civil Code § 2983.3(a) by repossessing the vehicle when plaintiff was not in default.  Westlake violated Civil Code § 2983.3(d) by charging plaintiff for its repossession costs, which were not reasonably incurred under the circumstances, because the wrongful repossession was the fault of Westlake. Westlake's "Notice of Intent To Sell Motor Vehicle" did not comply with Civil Code § 2983.2(a)(1) and (a)(2), because it did not disclose (1) the condition of reinstatement that plaintiff sign a waiver of her rights against Digital Dog; (2) the date and amount of late charges which would be owed on plaintiff's installment payment coming due during the reinstatement period; and (3) various fees and charges owing to Digital Dog for storage and other costs.

## JURISDICTION AND VENUE

7.  The court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in the Central District of California because at least one defendant resides here and all defendants are residents of California, and because defendants are subject to the court's personal jurisdiction in this district.

2

## **PARTIES**

9.     Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

10.     Defendant Michael Eusebio is a natural person.

11.     Defendant Digital Dog Auto Recovery is an entity of unknown form. Plaintiff alleges, in the alternative, that it is a fictitious business name of defendant Michael Eusebio, or a separate entity.

12.     Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

13.     At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## **FIRST CAUSE OF ACTION**
**(Against Defendants Eusebio, Digital Dog and the Doe Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

14.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

16.    Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

17.    Defendants had no present right to repossess plaintiff's vehicle, because plaintiff was not in default on her loan.

18.    Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

19.    Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

20.    Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of  the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

21.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22.    The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

4

23.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

24.     The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

25.     Defendants Digital Dog and the Doe defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. These defendants violated Bus. & Prof. Code § 7502.1(a) and committed misdemeanors by violating Bus. & Prof. Code §§ 7507.9 and 7501.10.

26.     Defendants Westlake and the Doe defendants violated Civil Code § 1788.13(a) by making false representations that the debt could be increased by the amount of the repossession fees, when in fact, such fees or charges could not legally be added to the existing obligation.

27.     Defendants violated Civil Code § 1788.14(b) by collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, when such fees or charges were not permitted by law.

28.     Defendants Digital Dog and the Doe defendants violated Civil Code § 1788.33 by forcing plaintiff to sign a waiver of her rights under the Rosenthal Act.

29.     Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was

5

to harass, oppress, or abuse in connection with the collection of an alleged debt.

30.　Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading representations.

31.　Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

32.　As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

33.　Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

34.　Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Against Defendant Westlake for Declaratory Relief)

35.　Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

36.　Plaintiff contends that Westlake failed to strictly comply with Civil Code § 2983.2(a) in the post-repossession notice it issued plaintiff, and therefore that plaintiff does not owe Westlake a deficiency balance on her conditional sales contract.  Westlake contends to the contrary, and that plaintiff owes Westlake a deficiency balance.

6

COMPLAINT

37.     An actual controversy has arisen between plaintiff and defendants. Plaintiff therefore seeks declaratory relief that she does not owe Westlake any debt, and that Westlake's derogatory credit reporting should be deleted from plaintiff's credit reports.

### FOURTH CAUSE OF ACTION
#### (Against Defendants For Conversion)

38.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

39.     Plaintiff was entitled to immediate possession of her vehicle when it was repossessed by defendants.

40.     Defendants wrongfully deprived plaintiff of possession of her vehicle by repossessing it without any present right to do so.

41.     Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

42.     Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.  For actual damages;

2.  For statutory damages;

3.  For punitive damages;

7

4.  For pre-judgment interest to the extent permitted by law;

5.  For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.  For such other and further relief as the Court may deem just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  June 5, 2015                            Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:  _____/s/_____
        Alexander B. Trueblood

Attorneys for Plaintiff
SHANELL MCQUARTERS